■ CONTAINER MARINE LINES DIVISION OF AMERICAN EXPORT ISBRANDTSEN LINES, INC., et al., Respondents, v. MICHIGAN MUTUAL INSURANCE COMPANY, Appellant.— Judgment, Supreme Court, New York County, entered on September 13, 1971, unanimously reversed, on the law, and the motion and cross motion for summary judgment denied. Appellant shall recover of respondents Container and Transocean $50 costs and disbursements of this appeal. Appeal by the defendant from a judgment adjudging and decreeing that the defendant is obligated, under a certain policy of insurance issued by it to Frank Murphy Contract Carrier, Inc. (hereinafter called "Murphy"), to provide for and engage in the defense of Container Marine Lines, etc. (hereinafter called "Container") and Transocean Gateway Corporation (hereinafter called "Transocean") in a certain action instituted against each of them by Josephine Cetrino as limited administratrix. The judgment appealed from directs that the defendant be obligated to pay and be responsible on behalf of Container and Transocean for the payment of any judgment, within the limit of its policy of insurance to Murphy, which may be entered against both or either of them in the Cetrino action. The plaintiff Employers Mutual Liability Insurance Company of Wisconsin has discontinued its action. It appears that Murphy leased flat-bed trailers to Transocean. One of these trailers was allegedly placed against Transocean's loading platform. Container's cargo container was allegedly placed on that trailer by Transocean or Container. While Cetrino

was operating a fork lift, the trailer allegedly moved. The record does not show how or why. The movement of the trailer allegedly caused the fork lift to tip, causing Cetrino to fall on the pier. The fork lift then allegedly fell on Cetrino and caused his death. His widow sues for wrongful death of her husband, naming Murphy, Transocean and Container as defendants. At the time of the alleged accident Murphy was the holder of a liability policy issued by the defendant, Michigan Mutual Insurance Company (hereinafter called "Michigan"). Employers assigned counsel to defend Container and Transocean. A demand was made on the defendant Michigan that Michigan take over the defense of the Cetrino suit against Container and Transocean. It is claimed that they are additional insureds under the policy to Murphy. Said demand was rejected by Michigan. This action followed. The record indicates that Murphy's relationship to the Cetrino accident arose from the fact that a trailer which Murphy leased to Transocean was purportedly involved in the Cetrino accident. Murphy knew nothing about the Cetrino accident. The circumstance appears to us to require the denial of summary judgment to Container and Transocean. (*Rowden* v. *National Car Rental*, 36 A D 2d 762.) Further, whether Cetrino met his death during the loading process and within the meaning of the policy has not been established. In addition, the circumstances under which the trailer moved do not appear. In the absence of evidence of the use of the trailer in accordance with the terms and conditions of the policy, it cannot be concluded that the loading accident took place within the meaning of the policy which Michigan issued to Murphy. Concur — McGivern, J. P., Nunez, McNally, Steuer and Tilzer, JJ.